Supreme Court—State v. Nickelsporn.

THE STATE v. JONAS NICKELSPORN AND HARRY
SILVERMAN.

Decided August 4. 1927.

Crimes—Disorderly House—Evidence—State Allowed to Show
at Trial That Certain Women, Frequenters of the Place of
Defendants, on Several Occasions Had Been Convicted of
Prostitution and of Other Criminal Offenses—Held, Harm-
ful Error, the Evidence Not Being Competent to Prove the
General Reputation of Such Women in the Community, so
as to Charge Defendants; That Knowledge, Actual or Con-
structive, of the Immoral Character of the Habitues Forms
the Gravamen of the Indictment; That Specific Acts of
Immorality are Irrelevant and Inadmissible.

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justice TREN-
CHARD.

For the plaintiffs in error, *William A. Kavanagh*.

For the state, *John Milton*. prosecutor of the pleas.

PER CURIAM.

The defendants in this case were indicted for the offense
of keeping a disorderly house. The indictment is in the com-
mon law form, and charges that they "did unlawfully keep
and maintain a certain ill-governed and disorderly house,
and in said house, for their own lucre and gain, there un-
lawfully and willingly did cause and procure to frequent
and come together certain persons, as well men and women,
of evil fame and of dishonest conversation; and the said
men and women in the said house of them, the said Jonas
Nickelsporn and Harry Silverman, there to be and remain,
drinking, tippling, fighting, whoring," &c., &c. The trial
resulted in the conviction of the defendants of the charge
laid against them, and they now challenge the validity of
that conviction.

The principal ground relied upon by the defendants for reversal is that the trial court erroneously, and over objection, permitted the state to prove as a part of its case that certain women who were shown to have been frequenters of the defendants' premises had been, on several occasions, convicted of prostitution and of other criminal offenses.

The admission of this testimony was in disregard of the decisions of our courts, and constituted harmful error. In the case of *State* v. *Baans, 77 N. J. L.* 123, the question of the legality of such testimony was considered, and it was held that evidence of specific acts of immorality committed elsewhere by women who frequented the premises of the defendant was not competent to prove the general reputation of such women in the community so as to charge the defendant with knowledge of such fact; that knowledge, actual or constructive, of the general immoral character of the habitues of a public place forms the gravamen of the indictment; that specific acts of immorality are irrelevant and inadmissible upon that issue, and that the admission of evidence showing such specific acts constitutes harmful error. This case was cited with approval by the Court of Errors and Appeals in *State* v. *Littman,* 88 *Id.* 392, that court declaring that by the words "evil name and fame" contained in the indictment "is meant reputation, and that cannot be proven by specific acts of misconduct." As was stated in the Baans case, the admission of this evidence constituted harmful error, and for this reason the judgment under review must be reversed.

Reaching the conclusion we have indicated, we have found it unnecessary to consider the other grounds of reversal submitted by counsel for the defendant.